**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:26-CR-03066-SRB |
| | ) | |
| PATRICK HEATH CATRON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Patrick Heath Catron's Amended Motion for reconsideration of detention. (Doc. 29). The Government has filed suggestions in opposition to Defendant's motion. (Doc. 30). The Court held a hearing on this matter on July 23, 2026. (Doc. 32). For the reasons that follow, Mr. Catron's motion is denied.

On March 12, 2026, an indictment was returned charging Mr. Catron with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1). On March 17, 2026, Mr. Catron had his initial appearance in this Court, and the Government moved to detain him. (Doc. 12). On March 23, 2026, the Court held a detention hearing. (Doc. 18). During the detention hearing, counsel for Mr. Catron informed the Court that Mr. Catron suffered an acute stroke in the left Frontoparietal region two months after the alleged offense for which he is charged took place and ten months prior to the detention hearing. (Doc. 29 at 2). As a result of the stroke, Mr. Catron suffers from headaches, aphasia, limited speech, and mobility issues. (*Id.*).

Counsel argued Mr. Catron's health circumstances have changed so dramatically that Mr. Catron cannot be considered a risk of flight or danger to the community. (*Id.*).

The Court ordered Mr. Catron detained on April 1, 2026. (Doc. 24). The Court based its decision on a finding "by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure [Mr. Catron's] appearance as required," and "clear and convincing evidence that no condition or combination of conditions of release will reasonable assure the safety of any other person and the community." (*Id.* at 2). On July 1, 2026, Mr. Catron filed the instant motion for reconsideration of detention based on new evidence pursuant to 18 U.S.C. § 3145(b). (Doc. 29). Based on the request to reopen the detention hearing to consider new evidence, the Court construes Mr. Catron's motion as a motion for reconsideration of detention pursuant to 18 U.S.C. § 3142(f).

Under 18 U.S.C. § 3142(f)(2):

[A detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

A defendant seeking to reopen a detention hearing must "demonstrate how the new information would reduce [his] risk of nonappearance or the risk that [he] poses to the community together with the remaining § 3142(g) factors." *United States v. Gordon-Greenwood*, No. 23-cv-0339 (1) (DWF/DLM), 2024 WL 1461402, at *3 (D. Minn. Apr. 4, 2024) (internal quotation marks omitted).

Mr. Catron argues he should be released pending trial based on circumstances that have changed since his detention hearing. Mr. Catron states that after being taken into custody, he experienced two seizures and one brain bleed, which each required him to be rushed to the hospital. (Doc. 29 at 2). Mr. Catron has also gained access to his medical records from Cox Hospital. (*Id.*

at 1). Mr. Catron argues that his medical condition warrants reconsideration of his pretrial detention. (*Id.*). In response, the Government argues that Mr. Catron's stroke and related sickness have no material bearing on the danger he poses to the community or his risk of flight. (Doc. 30 at 5-8).

In the Order of Detention, the Court found Mr. Catron to be a danger to the community and a risk of flight. (Doc. 24 at 2). Regarding the potential failure to appear, the Court considered the nature and circumstances of the offense charged, and Mr. Catron's lack of employment, property, and financial ties. (*Id.*). Regarding the potential for danger to the community, the Court considered the nature and circumstances of the instant offense, Mr. Catron's substance abuse history, and his prior criminal history, which includes prior felony and misdemeanor arrests and convictions, violent behavior history, history involving domestic violence, and probation non-compliance.

Upon reconsideration, Mr. Catron proposed a home plan to live with his mother, who would transport Mr. Catron to and from all medical, Court, and pretrial release appointments. (Doc. 29 at 2). The Court finds that Mr. Catron does not present a risk of flight. However, Mr. Catron has not presented any new evidence to negate his potential dangerousness to the community. Further, Mr. Catron has not provided any evidence that the jail is unable to meet his medical needs. His motion states that, while in custody, he has been rushed to the hospital three times. (Doc. 29 at 2). He states that, if released, he would live with his mother. (*Id.*). At the hearing, Mr. Catron's mother testified that she does not have specialized medical training and lives approximately 30 minutes from the hospital. Mr. Catron's mother cannot provide medical care unavailable to Mr. Catron at the jail. Mr. Catron has not argued or presented evidence to suggest that his medical condition reduces the danger he poses to the community.

In light of the reasons for detention, the Court finds Mr. Catron's changed circumstances do not mitigate the danger Mr. Catron poses to any other person and the community. Consequently, the Court finds pretrial release is unwarranted here.

Accordingly,

IT IS ORDERED that Defendant Patrick Heath Catron's Amended Motion for reconsideration of detention (Doc. 29) is DENIED.

Dated this 23rd day of July, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge